MARION POMEROY, impleaded, ect.,

*v.*

THE MANHATTAN LIFE INSURANCE COMPANY.

1. CONFLICT OF LAWS—*at what place a contract of insurance is made—and by what law governed.* An application was made for a life insurance policy by a party residing in this State, to the local agent of the company residing in Chicago, and the application was forwarded to the home office in New York, upon which a policy was returned, containing a condition that it should not become operative until it was countersigned by the local agent here, and the premium paid; this condition was complied with, and the policy delivered to the assured, in this State. *Held,* that the contract did not become binding until the performance of the condition in this State, and it was therefore executed here, and the rights of the parties under it must be governed by our laws and not by those of New York.

2. INSURANCE POLICY—*whether assignable.* While a life insurance policy cannot be assigned, either at common law or under our statute, so as to pass the legal title to the instrument or the money, yet a transfer of such an instrument will be regarded as an equitable assignment, and protected accordingly.

3. SAME—*assignment of a part of the policy.* And although the assignment of a portion of any instrument will not pass the legal title to such portion, still

the assignment of a part of the money specified in such a contract of insurance will be valid in equity.

4.  MARRIED WOMEN—*power of disposal of their separate personal property.* Unless restrained by the deed or marriage settlement under which a married woman holds her separate personal property, she may pledge or dispose of it, in equity, independent of the statute.

5.  And under the act of 1861, commonly called the "married woman's act," she may dispose of her separate personal property, and cannot afterward repudiate the act by which it is done.

6.  So where a married woman holds a life insurance policy, taken in her own name, it is her sole and separate property, and she may pledge it as a security for her husband's debts, and an assignment of it by her for that purpose will be binding upon her in equity.

APPEAL from the Superior Court of Chicago.

On the 12th day of January, 1857, the Manhattan Life Insurance company, a corporation existing by virtue of the laws of the State of New York, and having its principal office in that State, insured the life of Samuel B. Pomeroy for $5,000, for the benefit of his wife, Marion Pomeroy. Pomeroy and his wife at the time resided in this State, and the application was made in Mrs. Pomeroy's name to the local agent of the company, residing in Chicago. The application was forwarded to the home office in New York, and the policy was returned, containing a condition that it should not become binding until it was countersigned by T. L. Miller, of Chicago, and the advance premium paid. This condition was complied with, the policy was countersigned in Chicago, the premium paid, and the policy delivered to Mrs. Pomeroy at that place. Afterward, and while Mrs. Pomeroy was still a married woman, she executed an assignment of $600 of the policy to Samuel Howe, to secure a debt owing to Howe from her husband. That assignment was as follows:

"In consideration of the sum of one dollar to me in hand paid by Samuel Howe, the receipt whereof is hereby acknowledged, I, Mrs. Marion Pomeroy, wife of Samuel B. Pomeroy, do hereby sell, assign, transfer and set over unto the said

Samuel Howe, six hundred dollars of the amount of the policy of insurance on the life of Samuel B. Pomeroy, issued by the Manhattan Life Insurance Company, and numbered 4,312."

"Dated Sycamore, September 1st, 1862."

In 1864, Samuel B. Pomeroy died, and soon after, the company applied to Mrs. Pomeroy to allow the sum of $600 of the money due her on the policy, to be paid to Howe, which she refused, contending that the whole amount should be paid to herself. Thereupon the insurance company filed a bill in chancery, asking that Mrs. Pomeroy and Howe should interplead, and the rights of the parties be adjusted. The court below decreed that the sum of $600 of the money due on the policy, should be paid to Howe. From that decree Mrs. Pomeroy appeals to this court, and now insists that the contract of insurance was made in the State of New York, and must be governed by the laws of that State, which, she alleges, do not authorize the assignment of such a contract, either in part or in whole; and further, being a married woman, she had no power to make such an assignment.

Messrs. HURD, BOOTH & KREAMER, for the appellant.

Mr. GEORGE GARDNER, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted, that this policy of insurance could not be assigned under the laws of New York. Also that the contract was entered into in that State, and notwithstanding the litigation is in the courts of this State the laws of that State must govern the rights of the parties to the policy. To ascertain whether the laws of New York must govern the question of the right to assign the policy, it will be proper first to determine whether the policy was made in New York. The evidence shows, that the applicant, the person whose life was insured, and the agent of the company to whom the application was

made, all resided in Chicago. The application was also made in that city, and was forwarded to New York by the secretary of the company. On this application a policy was returned containing a provision, that it should not be binding until it should be countersigned by T. L. Miller of Chicago, and the advance premium should be paid. It appears that Miller countersigned the policy and the advance premium was paid and the policy was delivered to the assured in Chicago.

The instrument sent from New York by the company was incomplete, as it was not fully executed, and declared on its face that it was void until it should be countersigned and the premium should be paid. How an instrument which declares that it is void until other acts are performed can be regarded as complete and binding we are unable to comprehend. Had nothing farther been done after it came from New York, could there have been the slightest pretense that it could operate as a binding contract? We think no one would have so contended. It was an inchoate, imperfect instrument, lacking essential and material acts to complete its binding force as a contract. And it will be observed that the final acts were to be, and were, performed in this State. And when they were performed, the instrument then for the first time became a binding instrument. It, then, in fact, and in contemplation of law, was executed in this State. It was also to be performed in this State. It must, therefore, be governed by our laws and not those of New York.

While this is not such an instrument as can be assigned at the common law, or under our statute, so as to pass the legal title to the instrument or the money, and while an assignment of a part of the money due on any instrument does not transfer the legal title, it is such an equitable assignment as will be protected and enforced in equity. The assignment of a portion of the money specified in this instrument was valid in equity, if a married woman has the power to assign and transfer her sole and separate property and choses in action. This case mainly depends upon this question, as the fact that appellant executed the assignment is not seriously questioned.

26—40TH ILL.

The policy declares, in terms, that it is assignable. It provides for the payment of the money to the assured or to her assigns. So far then from such an assignment being prohibited, it is authorized by the terms of the policy. Nor can it be doubted that it was the sole and separate property of Mrs. Pomeroy. And under the law she would have the power to pledge it as a security for the debt of her husband. Unless restrained by the deed or a marriage settlement under which a married woman holds her separate personal property, she may pledge or dispose of it in equity independent of the statute. 2 Story's Equity, §§ 1389, 1390, 1393 and 1394, and authorities there cited. This policy being the sole and separate property of the wife, she is bound in equity by this assignment.

Again, the act of the general assembly of the 21st of February, 1861 (Sess. Law 143), declares, that all of the property, both real and personal, belonging to any married woman, as her sole and separate property, or which she owns at the time of her marriage, or which she may acquire during her coverture, in good faith from any person but her husband, notwithstanding her marriage, shall be and remain her separate property, under her sole control, and be held, owned, possessed and enjoyed by her as though she was sole and unmarried, free from the interference or control of her husband. The application for this policy was in the name of Mrs. Pomeroy, and it was issued to her, and it is not denied that it was her sole and separate property, and if so, under this act it was at her disposal and under her control, and no reason is perceived why her assignment to appellee was not binding in equity, and if so she cannot repudiate her act. Under the statute she is entitled to the benefits it confers, and must be held liable for her acts performed in pursuance of the authority it confers. If it gives the rights of sole ownership it must impose the liabilities incident to such a right.

After a careful examination of all the evidence in the case, we are unable to say that other securities were specifically pledged by the husband in his lifetime, for the payment of the debt to secure the payment of which this assignment was made.

Nor does it appear that the debt was paid. Defendant Howe testifies that it was not, but remained due and owing at the trial. He also swears that the other securities were pledged for the payment of indebtedness of Pomeroy to witness and his partner, and that this was his individual debt, and was secured by no other pledge. Nor is this evidence contradicted or overcome by other testimony in the case. In this entire record we perceive no error requiring the reversal of the decree of the court below, and it is affirmed.

*Decree affirmed.*