Farman *v.* Chamberlain *et al.*

No. 7763.

FARMAN *v.* CHAMBERLAIN ET AL.

PLEADING.—*Practice.*—*Demurrer.*—A complaint good in part is sufficient on a demurrer to it as an entirety.

SAME.—*Answer.*—An answer which purports to answer the entire complaint, but answers only a part, is insufficient on demurrer.

COVERTURE.—A married woman has a right to recover for money paid by her at another's request, and her coverture is no defence to an action by her seeking such recovery.

HUSBAND AND WIFE.—*Wife's Services.*—A husband can make a valid gift of his wife's services to her, for which she can maintain an action.

SAME.—*When Wife Competent Witness.*—Where the wife is the owner in her own right of the cause of action, her husband is only a nominal plaintiff, and she is a competent witness under section 1 of the act of March 11th, 1867, 2 R. S. 1876, p. 132.

From the Marion Superior Court.

*J. S. Harvey* and *G. W. Galvin*, for appellant.

ELLIOTT, J.—The appellees were the plaintiffs below, and in their complaint alleged that the appellant was indebted to Frances Chamberlain, the wife of James Chamberlain, her co-appellee, for services rendered by said Frances, in caring for and nursing one Josephine Fisher, and for money paid out by said Frances Chamberlain, at appellant's request, in the sum of five hundred dollars.

Appellant urges that a demurrer which he addressed to the complaint ought to have been sustained. The argument is, that, as Frances Chamberlain was a married woman, her husband was the only party who could maintain an action for services rendered by her. It is sufficient to say of this argument, although other reasons for declaring it invalid might be assigned, that it leaves out of consideration the fact that the complaint was incontestably good so far as the cause of action stated rested upon the claim for money paid at the appellant's request. It needs neither authority nor argument to support the proposition, that a complaint good in part will successfully resist an attack made by a demurrer to it as an entirety.

Appellant answered the coverture of Frances Chamberlain, the real party in interest.  To this answer, the appellee Frances Chamberlain replied, that she was entitled to all the income or compensation accruing from her services, by gift thereof from her husband.  To this reply the appellant unsuccessfully demurred.

There was no error in overruling the demurrer to the reply.  The answer was bad, because it undertook to answer the entire complaint, and answered only a part.  Coverture was no defence to that part of the complaint which sought a recovery for money paid out at the request of the appellant.  A married woman has a right to recover money paid by her at another's request.  Even if it were conceded that the reply was bad, still there was no available error in overruling the demurrer, because a bad reply was good enough for a bad answer.

The reply was good.  A husband may make a valid gift of his wife's services to her, and the party against whom she seeks a recovery for such services can not successfully dispute her right to maintain the action.  Schouler's Domestic Relations, 243 ; *Cooper* v. *Ham*, 49 Ind. 393.

Among the reasons assigned for a new trial is one based upon the ruling of the court permitting Mrs. Chamberlain to testify as a witness.  The court did right.  The wife was the owner in her own right of the cause of action ; the husband was only a nominal plaintiff, and she was a competent witness under the statute in force at the time of the trial.  *Farman* v. *Lauman*, 73 Ind. 568.

It is argued that the motion for a new trial ought to have been sustained because the verdict was contrary to the evidence.  All we need say upon this point is, that the verdict is clearly right upon the evidence.

Judgment affirmed, at the costs of appellant.