GEORGE W. ROBINSON, Administrator and Guardian, and others *vs.* ROBINSON W. CATOR.

*Life insurance Policy—Assignment—Consent of Insurer.*

The assignment of a life insurance policy is valid without the assent of the insurance company.

APPEAL from the Circuit Court of Baltimore City.

It was agreed between counsel in the Court below that the facts in the case of the *Mutual Reserve Fund Life Association vs. Robinson W. Cator, and others,* were identical with facts in the case of John E. Hurst, except that the Association did not assent to the assignment of the policy as in the case of Hurst, and the case of Cator was submitted to the Court for its determination. The Court (DENNIS, J.,) passed a decree awarding the sum of one thousand dollars to Robinson W. Cator, being the amount of the life policy assigned to him by Alfred B. Faulkner. From this decree the present appeal was taken.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, ROBERTS, and McSHERRY, J.

*John M. Carter,* (with whom was *F. A. Thomson,* on the brief,) for the appellants.

*Edwin Harvie Smith,* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This case is similar to the preceding case in all material respects, save that in this case the association never

Robinson, *et al. vs.* Cator.

gave its assent to the assignment to Mr. Robinson of the policy issued to Faulkner for the sum of one thousand dollars. This Court held in the case of the *New York Life Ins. Co. vs. Flack*, 3 *Md.*, 353, that "knowledge of the assignment could only be important to it in one view: to prevent the possibility of its being compelled to pay both the assignee and the legal representatives of the insured. In fire policies there is, generally, a condition, that any assignment will be void without the assent of the underwriters be first obtained. The reason of this obvious. A fire policy may be underwritten for one person, when it would not be for another. In all such cases, the character for *integrity* and *caution* of the party constitute important considerations. While the character of one person would be a complete guaranty that he would not fire his own house or goods, the character of his assignee might furnish no such assurance, and therefore it is that in fire policies the assent of the underwriters is indispensable to the validity of the assignment. No such reason obtains in the case of an insurance on human life."

Affirming this view, and for the reasons assigned in the preceding case, we affirm the decree.

*Decree affirmed.*

(Decided 21st June, 1893.)