<h2 align="center">ADA B. JARVIS</h2>

<em>v.</em>

<h2 align="center">MONROE K. BINKLEY.</h2>

<em>Opinion filed December 16, 1903—Rehearing denied February 4, 1904.</em>

1. ASSIGNMENTS—*contingent interests may be transferred in equity.* Contingent interests and expectancies, although not assignable at law, may be transferred so as to be binding in equity, by a contract made in good faith and for a valuable consideration.

2. BENEFIT SOCIETIES—*right of beneficiary to assign interest in certificate.* An assignment by a beneficiary of her contingent interest in a benefit certificate to secure payment to the assignee for groceries and supplies furnished by him to the beneficiary before and after the assignment, may be enforced in equity after such interest has vested, notwithstanding the charter of the society limits the benefit fund "to the membership and their families."

3. SAME—*exemption of benefit fund does not apply to voluntary act of beneficiary.* The provision of the statute and of the charters of benefit societies exempting benefit funds from liability for debts of the deceased member has no application to the voluntary act of a beneficiary in assigning her interest in the certificate to secure payment of her *bona fide* indebtedness.

HAND, C. J., and BOGGS, J., dissenting.

*Binkley* v. *Jarvis*, 102 Ill. App. 59, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

The bill filed in this case sets up the following facts: Monroe K. Binkley, the complainant, is a grocer, doing business in Chicago.   Prior to October 1, 1897, he had furnished groceries and provisions, to the value of $550, to Nancy P. Coburn and her daughter, Ada B. Jarvis, which groceries and provisions were used by them as members of one family, for their joint and separate use and sustenance and upon their joint and several responsibility.  On October 1, 1897, Mrs. Coburn and Mrs. Jarvis, being wholly insolvent and without means to pay for the groceries already furnished or to make provision for supplies needed in the future, represented to complainant, Binkley, that they were possessed of certain benefit certificates issued by the Royal Templars of Temperance, one for $1000 payable to Mrs. Jarvis on the death of Mrs. Coburn, and the other for $1000 payable to Mrs. Coburn on the death of Mrs. Jarvis, and proposed to Binkley to appropriate and apply the proceeds of such certificates in any way that he might desire, to secure him for the sum already due for groceries as well as for such supplies as he might thereafter furnish them, with legal interest on the value thereof.   The complainant accepted the offer thus made and entered into a written agreement with Mrs. Coburn and Mrs. Jarvis, in which, after stating the purpose of the assignment, the parties agreed: "That the parties of the first part   *   *   *   do by these presents absolutely assign and transfer and set over unto the party of the second part all their right, title and interest, of every name, nature and description, in and to the said benefit certificates before mentioned, and of, in and to all rights, privileges and benefits which may arise thereunder at any time or under any circumstances whatever; and the parties of the first part, and each of them, does hereby make, constitute and appoint the said party of the second part their, and each of their, attorney in fact, and do hereby vest him irrevocably with full power and authority to do and perform every act or thing which

may or can be in any way necessary or appropriate to demand, collect and recover any sums of money which may in any. manner arise from the said benefit certificates, and to retain so much thereof as may be necessary to pay any debt which may then be due him, with lawful interest, and render the overplus, if any, to us, or either of us, or our legal representatives, as their interest may appear, hereby ratifying all that said Monroe K. Binkley may lawfully do in the premises." This agreement was under the seal of the parties, and copies were sent to the company in New York and to the agent in Chicago. After the execution of the agreement, the complainant, in reliance upon the faith thereof, provided Mrs. Coburn and Mrs. Jarvis with groceries to the value of $168.93. Mrs. Coburn died intestate and utterly insolvent, and the complainant then furnished the insurance company, at Buffalo, New York, and its agent in Chicago, with copies of the agreement and demanded payment of the amounts due him. The company thereafter placed the $1000 in the hands of Alexander Whitehall, the Chicago agent, ready to be paid as the court should direct. The company and Whitehall are willing that complainant should secure the amount due him from such fund, but having been directed by Mrs. Jarvis to withhold payment to complainant, await the judicial determination of their respective rights. The prayer is that the fund be subjected to the payment of $804.94.

The answer of Ada B. Jarvis admits the main facts set up in the bill. She insists, however, that the agreement with Binkley is void in consequence of a certain statute of Illinois and provisions in the charter and by-laws of the company. Section 3 of the charter states the object of the corporation to be, among other things, "to aid and assist the membership and their families in cases of want, sickness or death." The answer contends that on account of this provision "it is impossible for one not a member of the family of the insured to claim

the benefit of the fund, because he does not belong to the class for whom the corporation may provide assistance, and the corporation cannot lawfully pay out any portion of the benefit to one who does not belong to such class." Section 5 of the charter states that the beneficiary fund "shall be exempt from execution, and shall not be liable to be seized, taken or appropriated by any legal or equitable process to pay any debts of such deceased or disabled member." A similar provision is made by statute of this State. (Hurd's Stat. 1901, chap. 73, par. 266.)

The cause was heard on bill and answer, and a decree was entered finding that the assignment was null and void and that the complainant's bill be dismissed for want of equity. The complainant perfected an appeal to the Appellate Court, where the decree of the circuit court was reversed and the cause remanded to the circuit court, with directions to enter a decree in favor of complainant for the sums actually due him. From this judgment of the Appellate Court an appeal was taken to this court.

A. L. FLANINGHAM, for appellant.

JOHN MAYO PALMER, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The equities in this case are so clearly with the appellee, Binkley, that the determination of the rights depend upon the question whether the provisions of the charter have any effect to nullify the agreement executed by Mrs. Coburn, Mrs. Jarvis and Binkley. It is clear that the agreement was, *per se*, a valid one, being made for a good and valuable consideration; that the agreement was entered into at the instance of Mrs. Coburn and Mrs. Jarvis, and that Binkley was guilty of no unconscionable act or over-reaching conduct whatever. It accordingly follows that in order to defeat the equitable rights of

the appellee it must appear that the agreement entered into between the parties was void in law and in equity.

Counsel for appellant argues that the assignment of the certificate by Mrs. Coburn, the member, to complainant, was null and void, and that her act directing the money to be paid to him was, according to all the authorities, void. This argument proceeds upon the basis that the complainant founds his rights upon an assignment to him by Mrs. Coburn, the insured member. Whether there is any merit in such an argument we are not required to determine, for the premise on which it is based is without foundation. The agreement which the complainant now seeks to enforce is one in which Ada Jarvis, the beneficiary under the certificate issued to her mother, transferred to Binkley all her interest, as beneficiary, in that certificate, and made Binkley her attorney in fact to demand, collect and receive any moneys arising from said benefit certificate, and after retaining the amount due him, render the overplus to her. It is true that Mrs. Coburn did join in the agreement, but the effect of that was to provide for the contingency of Mrs. Jarvis dying before Mrs. Coburn. In other words, the effect of the agreement was that each beneficiary assigned her interest in the certificate of the other to Binkley. The assignment by Mrs. Coburn, as beneficiary, of her interest in the certificate issued to Mrs. Jarvis is now inoperative, because the interest, being contingent, is defeated by the occurrence of the death of Mrs. Coburn before the death of Mrs. Jarvis. On the other hand, the assignment by Mrs. Jarvis of her beneficial interest in the certificate issued to her mother, Mrs. Coburn, although the interest was contingent during the lifetime of Mrs. Coburn, has become vested by her death, and if the assignment was valid in equity there is a clear right to the equitable remedy prayed for.

The charter provides that the benefit fund was "to aid and assist the membership and their families in cases of

want, sickness or death." It is argued that this clause renders the assignment void because Binkley was not a member of the family of Nancy P. Coburn. This argument is specious, and introduces confusing difficulties into the case upon the assumption, first, that the assignment relied upon was made by the insured and not by the beneficiary; and second, that Binkley became a beneficiary. We have already shown that the written agreement was, in effect, an assignment by the beneficiary. To illustrate the transaction, let us assume that no assignment whatever had been made, and that after Mrs. Coburn's death the company had paid $1000 to Mrs. Jarvis. Could it be argued that because Binkley was not a member of the family, Mrs. Jarvis, therefore, could not make him a beneficiary to the extent of appropriating a portion of that $1000 for the payment of the amount due him for groceries and provisions? Then, taking another step, let us assume that no assignment had been made during the life of Mrs. Coburn, but that directly after her decease, and before the society had paid the claim to Mrs. Jarvis, she executed an agreement with Binkley, in which, for a valuable consideration, she agreed that instead of collecting the amount herself and paying to him what was due him, he should collect the money directly from the society, and after deducting the amount due him should render to her the overplus. Could it be argued that this agreement is in violation of the statutory and charter provisions, to the effect that the fund should not be seized, taken, appropriated or applied, by any legal or equitable process, to pay any debt of the member or the beneficiary? We think not. This court has held that this provision in our statute "is not designed to protect such certificate, or the proceeds thereof, from the voluntary act of the member or the beneficiary therein named." (*McGrew* v. *McGrew*, 190 Ill. 604.) And it is obvious that such an agreement as we have assumed would create valid and enforceable rights. It is but one

step from the assumed case, in which the assignment was made after the interest vested, to the case at bar, in which the assignment was made while the interest was contingent.

This court has repeatedly held that contingent interests and expectancies, although not assignable in law, may be transferred, so as to be binding in equity, by a contract made in good faith and for a valuable consideration. (*Crum* v. *Sawyer*, 132 Ill. 443; *Hudnall* v. *Ham*, 183 id. 486.) And the same general doctrine has been applied to specific cases, where the beneficiary has assigned the contingent interest in a certificate of insurance. *Pomeroy* v. *Manhattan Life Ins. Co.* 40 Ill. 398; *Supreme Council Royal Arcanum* v. *Tracy*, 169 id. 123.

The fact that the assignee was not a member of the family does not in any way affect the question. By becoming assignee of the beneficiary he became no more a beneficiary than he would be if, in the absence of such an assignment, Mrs. Jarvis had collected the money and paid him the amount due him. Mrs. Jarvis was named as beneficiary in the certificate and she has never ceased to occupy that position. She is a member of the family, —a proper beneficiary,—and was undoubtedly capable of transferring to Binkley her contingent interest.

We conclude, therefore, that the assignment, upon a sufficient consideration, by Ada B. Jarvis, of a portion of a fund in which she had a contingent interest, was, in equity, a valid and binding agreement, and that the fact that Binkley, the assignee, was not a member of the family does not in any manner prevent him from recognition, in equity, as the assignee of the proper beneficiary, Mrs. Jarvis.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE HAND and Mr. JUSTICE BOGGS, dissenting.