## CIRCUIT COURT OF BALTIMORE CITY.

Filed April 28, 1913.

AUGUSTA WEBB
VS.
M. J. SHOREY, ADMINISTRATRIX.

*H. Marcus Denison* for plaintiff.
*Harley & Wheltle* for defendant.

DUFFY, J.—

The life insurance policy in the case was issued 1st June, 1877, on the life of John A. Webb and payable to his legal representatives. The insured died December 9th, 1911. After his death among his papers was found the policy to which was attached an assignment of it to Ella Edmonds Webb, his wife, dated 29th October, 1877, duly signed by him; it recites that the transfer was made for value received, but no consideration is mentioned. On the same paper is the acknowledgment of the receipt of a copy of the assignment by the insurance company. His wife died August 9th, 1910. There is no other evidence which tends in any way to prove the delivery of the policy or the assignment to his wife during her life. The claim of the administratrix of the wife to the insurance money is based upon these facts alone. There must have been a delivery to the wife to make her title to the policy valid. We can not presume that there was such delivery. The evidence does not tend to prove that she was ever in possession of the policy or the assignment at any time during her life, or that she knew that such an assignment had been made. The duplicate was not kept by the company for the benefit of the assignee, but for its own protection only. 78 Md. 72, Robinson vs. Cator.

It must be borne in mind that the title to the policy was originally in the husband, that to divest that title from him takes action on his part and the burden of proving this action is on the assignee and those claiming under her. 88 Md. 187, Wienecke vs. Arbin. The general rule is that a suitor on a chose in action must produce the instrument by using which the chose is to be reduced to possession; if he can not produce it he must satisfactorily account for it. Delivery of a gift must be proven by the donee, though it need not be by witnesses who saw it. It may be inferred from circumstances. But in cases where the donor is dead at the time of suit, explicit and convincing evidence of every element needed to constitute a valid donation is required. There may be

possession when there is no delivery, but there can be no valid delivery unless possession actual or constructive accompanies it.

89 Md., 206, 211, Whalen vs. Milholland.

2 Md. Ch. 360, George vs. Spencer.

20 Cyc. 1221, 1224.

The recital in the assignment "For value received," does not import consideration. Even if this recital would have this effect in a completed contract, it can not be so in a contract not completed by delivery. The rule is that as to contracts which import consideration the *production* of the instrument *furnishes prima facie evidence of consideration.* 6 A. & E. Ency. 763.

Possession of a chose in action by the assignee is prima facie evidence of delivery. 3 G. & J. 219, McNulty vs. Cooper. The converse of these propositions must also be true, that when the chose in action is in possession of the assignor, neither delivery nor payment of consideration mentioned in the writing will be presumed.

As there is a failure in proof of delivery of this assignment to the wife, the claim of the administratrix must fail. The following cases sustain this view:

182 Ill. 295, Weaver vs. Weaver.

165 Ill. 218, Williams vs. Chamberlain.

92 Va. 340, Spooner vs. Hilbish.

6 Md. 282, Cox vs. Sprigg.

After the death of Mrs. Webb, John A. Webb executed an assignment of this policy to Augusta Webb. The assignment bears date October 28th, 1910, is in the same form as the assignment to the wife, and was also found with the policy, but not attached to it, after the insurer's death. She also claims the fund.

Inasmuch, however, as I hold that the only other party to the suit claiming adversely to her, has no interest in the fund, and as the claim of Augusta Webb is adverse to the estate of John A. Webb, an adjudication of her claim will be postponed until the administrator of John A. Webb is made a party defendant to this proceeding.

Miller's Equity, Sec. 41.

Baltimore, &c., vs. Mali, 65 Md. 95.

When the administrator has been made a party Augusta Webb, who has testified in this proceeding, will be an incompetent witness.

The second, fourth, tenth, twelfth, thirteenth and fourteenth exceptions to testimony are sustained.

The fifth, sixth, seventh, eighth, ninth and eleventh exceptions to testimony are overruled.