### The LaFollette Coal and Iron Company et al. *v.* The Whiting Foundry Equipment Company.

[No. 3,109.   Filed May 18, 1900.   Rehearing denied Nov. 27, 1900.]

Bills and Notes.—*Action Against Indorsers.—Special Finding.—*In an action on a negotiable promissory note, a judgment against indorsers cannot be sustained on special findings which show no demand on the maker for payment, and no notice to the indorsers of non-payment, and no waiver of such demand and notice.

From the Boone Circuit Court.   *Reversed.*

*S. R. Artman* and *J. C. Perkins,* for appellants.
*C. M. Zion,* for appellee.

Wiley, C. J.—The only question presented for decision by the assignment of errors is the correctness of the conclu-

sions of law stated by the court upon the facts specially found. A statement of the pleadings is unnecessary. The special finding of facts and the conclusions of law are as follows: "That the plaintiff is a corporation organized and doing business under the laws of the state of Illinois; that on the 4th day of December, 1895, the defendant, Millard W. Simmons, executed his certain promissory note to the order of the LaFollette Coal and Iron Company, due five months after date, for $2,625, payable at the Plymouth State Bank, at Plymouth, in the State of Indiana, for value received and interest at six per cent. per annum until paid, which note is in the words and figures following, to wit: '$2,625. Plymouth, Ind., Dec. 4, 1895. Five months after date I promise to pay to the order of the LaFollette Coal and Iron Company, $2,625, at Plymouth State Bank, Plymouth, Ind. Value received with interest at six per cent.....No.....Due.....  M. W. Simmons.' That afterwards, and before the maturity thereof, the defendant, the LaFollette Coal and Iron Company, indorsed said note in writing on the back thereof, by Harvey M. La-Follette, its president, to one F. C. Helm, which indorsement is in these words, 'LaFollette Coal and Iron Co., by Harvey M. LaFollette, Pres.' That afterwards, and before the maturity thereof, the defendant, Harvey M. LaFollette, and the said F. C. Helm, by their written indorsement on the back thereof, indorsed said note to the plaintiff herein, which indorsements are in these words, 'Harvey M. LaFollette,' 'F. C. Helm.' That the plaintiff is now the holder and owner of said note. That said note has credit thereon as follows: '$67.81 as interest to date paid on this note May 7, 1896.' '$500 paid on this note May 7, 1896.' That said note is past due, and except said credits, is wholly unpaid. That there is now due on said note $2,450.83.

"Upon the foregoing facts the court makes the following conclusions of law: (1) That plaintiff is entitled to recover of and from the defendant, Millard W. Simmons, as maker

of said note, and from the defendants, LaFollette Coal and Iron Company and Harvey M. LaFollette as indorsers of said note the sum of $2,450.83, and to bear six per cent. interest from date, with all costs herein, taxed at......dollars and .... cents."

From the findings it will seem that notice of demand for payment and notice of non-payment are not waived in the note, either by the maker or the indorsers. As to whether there was any demand for payment, or that the indorsers were notified of the non-payment of the note, the special findings are silent. Appellants rely for a reversal upon this proposition: That there being no demand upon the maker of the note, and no notice to them of its non-payment, and these facts not being found in the special findings, they are discharged as indorsers. The note sued on is payable at a bank in this State, and is therefore negotiable as an inland bill of exchange within the express terms of the statute. §5506 Horner 1897.

Appellants, nor either of them, were liable as makers, and, if liable at all, were only liable as indorsers. If liable as indorsers, failure to give notice of non-payment is equivalent to a discharge. *DePauw* v. *Bank, etc.,* 126 Ind. 553, 10 L. R. A. 46; *Bronson* v. *Alexander,* 48 Ind. 244; *Green* v. *Louthain,* 49 Ind. 139; *Hoffman* v. *Hollingsworth,* 10 Ind. App. 353.

To hold appellants liable as indorsers, it was necessary to aver and prove a demand on the maker, and that in default of payment appellants were notified thereof. This appellee has not done, and, under all the authorities, appellants were not liable. It follows that the court erred in its conclusions of law.

The judgment is reversed, and the court below is directed to restate its conclusions of law and to render judgment in consonance with the foregoing opinion.