## DUNHAM ET AL. *v.* JONES ET AL.

[No. 22,828. Filed November 23, 1915.]

1. APPEAL.—*Review.—Waiver of Error.*—Appellants, by failing to demur to a paragraph of complaint, waived a consideration of its sufficiency and can not predicate error in the giving of an instruction authorizing a verdict on such paragraph on the ground that it did not state a cause of action. p. 48.

2. SALES.—*Breach of Warranty.—Measure of Damages.—Instructions.*—Where the first paragraph of complaint counted upon the breach of an express warranty in the sale of a stallion, while the second was based upon the implied warranty, and the evidence disclosed that the quality contemplated by the express warranty was different from that implied by law, an instruction stating the measure of damages as the difference between the market value of the horse at the time of the sale, and what the market value would have been had he been as warranted, was not erroneous as not applying to the implied warranty, in the absence of a request for a more complete instruction. p. 48.

3. SALES.—*Breach of Warranty.—Evidence.—Instructions.*—In an action for breach of warranty in the sale of a stallion, where the evidence, though showing that some time prior to the sale plaintiffs had been negotiating for the purchase of the animal for breeding

purposes when the horse was represented to them as "a sure foal getter," also showed that the horse was later purchased by plaintiffs at a public auction under an arrangement that notes would be accepted in payment, at which time, and before the execution of the notes defendant's agent expressly informed them that there "was no warranty at all whatever," the court erred in refusing to give an instruction that if plaintiffs, before the execution of the notes, were informed that no warranty would be given and that the horse was not sold with any warranty of any kind, after which they executed and delivered the notes and received the stallion, there was no warranty express or implied. p. 49.

4. APPEAL.—Record.—Affirmance.—The court on appeal may make an independent search of the record to affirm a judgment. p. 51.

5. SALES.—Breach of Warranty.—Evidence.—Instructions.—In an action for breach of warranty in the sale of a stallion, where the evidence showed that subsequent to preliminary negotiations with defendants in which the horse was represented as "a sure foal getter," plaintiffs purchased the animal at a public auction under an arrangement for the acceptance of notes in payment, at which time, before executing the notes, they were expressly informed that the horse was sold without warranty of any kind, an instruction to the jury that it might in certain events find for plaintiffs on the theory of implied warranty, but stating that if any words were used by the seller "at the time of said sale" fairly showing an intention not to warrant the horse there was no warranty, may have caused the jury to believe that transactions happening after the acceptance of plaintiffs' bid were excluded, and hence did not cure the error in refusing a more specific instruction correctly stating the law. p. 51.

6. SALES.—Breach of Warranty.—Action for Damages.—Interest.—Where, on a breach of warranty, the purchaser elects to retain the property and seek relief in a judgment for damages measured by the difference between the real and warranted values, interest from the date of the sale to the time of trial can not be awarded on the amount of damages found due. p. 52.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Joseph W. Jones and another against Grover C. Dunham and another. From a judgment for plaintiffs, the defendants appeal. Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Gifford & Gifford* and *Kent & Ryan,* for appellants.

*Albert H. Vestal* and *Sheridan & Gruber*, for appellees.

MORRIS, C. J.—Appellants, Dunham and Dragoo, partners, sold a stallion to appellees, Joseph W. and Charles R. Jones, partners, for the sum of $750. Suit by appellees to recover damages for breach of alleged warranty. The complaint was in two paragraphs, the first of which declared on an express oral warranty, while the second, as construed by appellees and the trial court, proceeded on the theory of breach of a warranty' implied by law. The only issue tendered by appellants was an answer of general denial. A trial by jury resulted in a verdict for appellees for $685.25. Judgment followed the verdict. The error here assigned is the overruling of appellants' motion for a new trial. The grounds for reversal urged are alleged errors in the giving, and refusal to give, instructions.

It is contended that the court erred in the second instruction given because it authorized a verdict on the second paragraph of complaint, which, it 1. is claimed, does not state a cause of action. Appellants waived a consideration of the sufficiency of the paragraph by failing to demur. Acts 1911 p. 415, §344 Burns 1914.

By instruction No. 10 the court informed the jury that the "measure of the plaintiffs' damages is the difference between the market value of 2. the horse at the time of the sale and what the market value of the horse would have been had he been as warranted." By the express warranty pleaded in the first paragraph the appellants guaranteed that the stallion was a "sure foal getter." The implied warranty relied on in the second paragraph only guaranteed that the animal was reasonably fit for the purpose for which it was sold.

There was evidence on behalf of defendants that stallions with a capacity of fifty per cent of foal getting were regularly stood in that community. It is manifest under such evidence that the quality contemplated by the express warranty pleaded differed from that implied by law. It is claimed by appellants that since the measure of damages on the implied warranty was only the difference between the real value of the stallion, when sold, and his value if he had been reasonably fit for the purposes intended, the instruction was erroneous because not applicable to the alleged implied warranty. We are unable to concur in this view. If the instruction was incomplete appellants can not complain in the absence of a request for a more specific direction to the jury. The instruction given was general, but it applied to each warranty pleaded. The guaranty implied by law is a warranty, although in this case, the quality warranted as alleged in the second paragraph was not so high as that guaranteed in the first.

The evidence shows that some time before the sale appellees were negotiating with one of the appellants for the purchase of the animal for breeding purposes. It was then represented to appellees that the stallion was a "sure foal getter." In the meantime the horse had been advertised in a public sale by a neighbor of appellants, to be held at a later date. Appellants invited appellees to attend the sale and purchase the stallion, and proposed to accept two notes, with approved surety, in payment. Later, on the day of the sale, the auctioneer accepted a bid from appellees, made by said Joseph W. Jones. Thereupon, Jones and W. R. Dunham, father of appellant Grover C. Dunham, and agent of appellants, re-

tired to draw up the sale notes. Mr. Dunham filled out two notes, and handed them to Jones, who made a statement in relation to a warranty. Dunham's evidence, regarding this transaction, is as follows: "Q. At the time you wrote the notes, what was said by Mr. Jones with reference to a warranty? A. The elder gentleman, the young one wasn't there, he said, now, haven't you a warranty, and I said, no, sir, we have no warranty at all whatever. Q. What else was said? A. He said all right, and I says, so far as I am concerned, I am speaking for Grover, Doc is here for himself. Q. Who is Grover? A. My son, and he says that is all right, and I might want to sell him. Q. What did you then do with the notes? A. Well, they took them. Q. Were they written? A. Yes, I put in the amount, etc., and the date. Q. After that was done, what was done with them? A. They were to be sent away for security." Appellees offered no evidence to contradict or explain the above testimony. Some time after the notes were written, they were delivered by appellees to appellants, executed by approved surety, and thereupon the stallion was delivered to appellees.

It is appellants' theory because of our statute of frauds (§7469 Burns 1914, §4910 R. S. 1881), which renders invalid an oral contract for the sale of goods for the price of $50 or more in the absence of delivery or part payment, that appellants had the right, until delivery, to withdraw any warranty proposals, and that the above quoted testimony proved that the stallion was sold without any warranty, express or implied. By their second requested intruction they sought a direction to the jury that if it found that before the notes were executed appellees asked for a warranty as to the quality or capacity of the horse, and that thereupon appellants'

agent informed appellees that no warranty would be given, and that the horse was not sold with any warranty of any kind; and that afterward appellees executed the notes, secured pursuant to the contract, and delivered them to appellants and afterward the stallion was delivered to appellees who accepted him, there was no warranty express or implied. This requested instruction was refused. On such action appellants claim reversible error. Appellees seek to meet this contention with the sole proposition that the testimony of the elder Dunham, heretofore set out, related only to a written or printed warranty, requested by appellees, and can not be considered as applying to any oral proposals. We can not accept this theory. Whether the statement "we have no warranty at all whatever" was understood by the parties as relating to a written warranty, not theretofore considered by the parties, or as a withdrawal, before the consummation of the sale, of former warranty proposals, and a refusal by appellants to be bound by any warranty, express or implied, was a matter of fact for the exclusive determination of the jury. The testimony of the witness was ambiguous, and appellants were entitled to a direction to the jury presenting the law applicable to their theory of the facts proved, and, unless the error was cured by other instructions given, the judgment must be reversed. Appellees do not claim that any equivalent instruction was given, but, to affirm a judgment this court may make an independent search of the record. By its instruction No. 7, the court instructed the jury that it might, in certain events, find for appellees on the second paragraph of complaint, and closed the instruction with this paragraph: "But if you find that any words

were used by the seller at the time of said sale, which fairly show that defendants did not intend to warrant said horse, then I instruct you there would be no warranty of said horse." The conversation in question occurred after the auctioneer of the public sale accepted appellees' bid, and jurors, unacquainted with the provisions of our statute relating to oral sales of personal property for $50, or more, might well have believed that by "time of said sale" in the instruction given, the court excluded transactions happening after the announcement by the auctioneer of the appellees' bid. Appellants were entitled to an instruction specifically applicable to their rights under the section of the statute of frauds referred to, and they tendered a proper instruction, which was refused; the equivalent thereof is not embodied in any one given, and because of such error the judgment must be reversed.

By instruction No. 10 the court told the jury that if it found for the plaintiff it should award interest at six per cent from date of sale to date of 6. trial on the damages found due appellees. This was error. The demand was for unliquidated damages. Appellants could not have known, until accord or verdict, the amount they owed. Appellees did not seek to rescind the sale. They elected to retain the property sold, and seek relief in a judgment for damages measured by the difference between the real and warranted values. Neither of these factors could be determined except by agreement or verdict, and until such time appellants were not chargeable with interest. *Harvey v. Myer* (1857), 9 Ind. 391; *Dobenspeck v. Armel* (1857), 11 Ind. 31; 8 R. C. L. 534, §86; 22 Cyc 1512; *Fell v. Union Pac. R. Co.* (1907), 28 L. R. A. (N. S.) 1, 49, note. There are some exceptions to the general rule that interest is not allowable on

demands for unliquidated damages, but nothing in this record demands a consideration of such exceptions. Were this the only error in the record, a reversal of the judgment might be avoided by a remittitur.

Some other questions are presented, but they are not considered, because they are not likely to arise on another hearing. Judgment reversed, with instructions to grant appellants' motion for a new trial.

NOTE.—Reported in 110 N. E. 203. As to warranty in sales of horses and cattle, see 102 Am. St. 622. As to implied warranty by seller that an animal is fit for breeding purposes, see 19 Ann. Cas. 874. As to warranty on sale of animal for breeding purposes, see Ann. Cas. 1916 A 573. See, also, under (1) 31 Cyc 720; 38 Cyc 1615; (2) 35 Cyc 483; (4) 3 Cyc 418; (5) 35 Cyc 484; (6) 35 Cyc 476.