## CINCINNATI, HAMILTON AND DAYTON RAILROAD COMPANY v. GROSS.

[No. 23,209. Filed January 30, 1917. Petition for rehearing dismissed June 29, 1917.]

1. APPEAL.—*Review.—Instruction.—Failure to Demur to Complaint.—Waiver of Error.*—Where, in an action for personal injuries, defendant failed to demur to the complaint for insufficiency of facts, it waived a consideration of its sufficiency and cannot on appeal predicate error in the giving of instructions authorizing a recovery on such complaint on the ground that it does not state a cause of action. p. 473.

2. APPEAL.—*Review.—Theory of Complaint.*—Where a complaint is fairly open to the construction placed on it by the trial court, that construction will be adopted on appeal, although it may appear that the pleading is open to another and equally reasonable interpretation. p. 474.

3. APPEAL.—*Reservation of Grounds of Review.—Incomplete Instructions.*—Where instructions—in an employe's action against a railroad, applying the statutory rule that contributory negligence, under the Federal Employers' Liability Act, operates to diminish the amount of recovery rather than to defeat the action—were correct in principle, defendant should have, if such instructions were incomplete, requested a more specific charge in order to make the error, if any, available. p. 475.

4. WITNESSES.—*Privileged Communications.—Physician and Pa-*

*tient.—Province of Court.*—In an employe's action against a railroad for personal injuries, it was within the province of the trial court to determine from the entire examination of the company's surgeon, who was plaintiff's attending physician, and from other relevant evidence whether the relation of physician and patient existed between the plaintiff and the witness at the time the latter was present at an interview between plaintiff and defendant's representatives. p. 476.

5. WITNESSES.—*Privileged Communications.—Physician and Patient.—Admissibility.—Province of Court.*—In an action for personal injuries, where plaintiff was attended by defendant's surgeon, who both immediately before and after an interview between defendant's representatives and plaintiff relating to the cause of the injury, represented both parties to the action, it was peculiarly within the province of the trial court, in passing on the admissibility of the surgeon's evidence, to determine what weight should be given to preliminary statements of the witness that he was not acting in his professional capacity when present at the interview. p. 476.

6. WITNESSES.—*Privileged Communications.—Physician and Patient.—Statute.—Construction.*—Section 520 Burns 1914, §497 R. S. 1881, providing that physicians shall not be competent witnesses as to matters communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases, covers a broader field than is indicated by the literal meaning of the words employed, and renders the physician incompetent to disclose information acquired by him, while attending a patient in a professional capacity, and includes all that he sees or observes while so acting, concerning matters communicated by the patient. p. 477.

7. WITNESSES.—*Privileged Communications.—Physician and Patient.—Admissibility.*—In an employe's action against a railroad for personal injuries, where defendant's surgeon, while attending plaintiff in his professional capacity, arranged for, and was present at, an interview between plaintiff and defendant's representatives, the surgeon's evidence as to statements made by plaintiff on that occasion was properly excluded as being privileged. p. 477.

8. EVIDENCE.—*Admissibility.—Res Gestae.—Province of Trial Court.*—In an employe's action against a railroad for personal injuries sustained in a collision, statements of the conductor and brakeman made to each other immediately following the accident concerning a switch which had been left open and caused the wreck were admissible, if at all, only as part of the *res gestae*, and whether they might be so considered was for the trial court to determine under all the circumstances. p. 477.

9. TRIAL.—*Argument of Counsel.*—*Scope.*—In an action for personal injuries, where other representatives of defendant, competent as witnesses, were in possession of all the facts sought to be elicited from the testimony of the physician attending plaintiff, which was excluded as being privileged, comment on the failure to call such representatives as witnesses was within the scope of legitimate argument. p. 478.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by Carl Gross against the Cincinnati, Hamilton and Dayton Railroad Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

*Little & Little* and *Wray & Campbell,* for appellee.

SPENCER, J.—This is an appeal from a judgment for $3,000 recovered by appellee on account of personal injuries sustained by him while in the employ of appellant as a railroad brakeman. The only error assigned challenges the ruling of the circuit court in denying appellant's motion for a new trial, and under this assignment certain instructions given and refused are first questioned. Instruction No. 1, given by the court on its own motion, sets out in substance the allegations of appellee's complaint, and it was followed by instruction No. 2 which in effect told the jury that if appellee should prove all the material averments of his pleading by a fair preponderance of the evidence he would be entitled to a verdict.

The sufficiency of this instruction as a matter of law is here challenged by appellant on the theory that the allegations of appellee's complaint, to which the instruction refers, do not state a cause of action.

1. A similar objection is made to No. 6 of the court's instructions. To meet these objections appellee

calls attention to the fact that the sufficiency of his complaint was not tested in the trial court by demurrer and contends that appellant has thus waived any defects in the pleading and in instructions which are based on the allegations thereof. This position finds express support in the case of *Dunham* v. *Jones* (1915), 184 Ind. 46, 48, 110 N. E. 203, 204, where it is held that by failing to demur to a complaint, the defendant waives a consideration of its sufficiency to state a cause of action and cannot thereafter predicate error in the giving of an instruction which authorizes a verdict on proof of the material allegations of the pleading. To hold otherwise would tend materially to weaken the force of the amendment to the demurrer statute, as made by the general assembly of 1911 (§2, Acts 1911 p. 415, §344 Burns 1914), and permit an indirect attack on a pleading after the complaining party has waived his right to attack the same directly and awaited the outcome of the trial. We hold, therefore, that the error, if any, in instructions Nos. 2 and 6 given by the court on its own motion has been waived.

The objections urged as to the giving and the refusal of other instructions rest: First, on appellant's contention that the trial court erroneously construed appellee's complaint as being predicated on the federal Employers' Liability Act; and, secondly, on its further contention that some of these instructions do not fully state the effect of contributory negligence on the right to a recovery under that law. We need not review in detail the allegations of the complaint. There can be no doubt that it is fairly open to the construction placed on it by the trial court and that construction will be adopted on appeal, even though it should appear that the pleading is open to another and equally reasonable interpretation. *Gilchrist* v. *Hatch* (1915), 183 Ind. 371, 381, 106 N. E. 694. The instructions which applied the

statutory rule that contributory negligence, un-

3.  der the federal act, operates to diminish the
amount of recovery rather than to defeat the ac-
tion, were correct in principle (*Norfolk, etc., R. Co.* v.
*Earnest* [1912], 229 U. S. 114, 120, 33 Sup. Ct. 654,
57 L. Ed. 1096, Ann. Cas. 1914 C 172), and, if incom-
plete, appellant should have requested a more specific
charge in order to make the error if any, available.
*Dunham* v. *Jones, supra.*

Certain objections are also made as to the exclusion
of evidence offered by appellant. It appeared from
evidence introduced on behalf of appellee that, follow-
ing the accident, he was brought to the Deaconess Hos-
pital at Indianapolis and an operation was there per-
formed to relieve his injuries; that for three or four
days after the operation he was in a very weakened con-
dition and, at times, semi-conscious; that he was at-
tended by Drs. Truitt and Ossenbach, the latter of whom
called twice each day for the first two or three days.
Dr. Ossenbach was called to the witness stand by ap-
pellant and testified that he had been in the employ of
the company as a surgeon for about fifteen years; that
after the accident in which appellee was injured he di-
rected the hospital nurses not to admit any one into ap-
pellee's presence except at the direction of the wit-
ness; that he visited appellee occasionally during his
stay in the hospital and after his return to his home,
and gave directions as to the care of the injured man
and the administration of medicines; that on the first
or second evening after the accident witness made an
arrangement with White and Vorhees, representatives
of appellant, to visit and interview appellee in the wait-
ing room of the hospital; that appellee, at witness's di-
rection was wheeled into the waiting room and there
questioned by White and Vorhees concerning the wreck;
that appellee was not previously advised as to the pur-

pose of taking him to the waiting room. The witness was then asked, "What did Mr. Gross say at that time?" Appellee objected to this question on the ground that it called for a privileged communication and the court sustained the objection. In response to further questioning by counsel for appellant, the witness testified that on the occasion of the interview with White and Vorhees he did not attend appellee as a physician but went to the hospital for two reasons—one, to make sure that they were allowed to see appellee and, the other, to see that the injured man was given proper treatment in his removal to and from the waiting room; that witness did not participate in the conversation with White and Vorhees. The witness was again asked to state what appellee said and the objection to the question was sustained.

In support of its contention that these rulings of the trial court were erroneous appellant earnestly insists that at the time of the interview in question Dr.

4. Ossenbach was not acting in his professional capacity. While it is true that in his preliminary examination the doctor stated that he was not so acting, it was within the province of the court to determine from the entire examination of the witness and from other relevant evidence, whether the relation of physician and patient existed at the time and its decision on the question is, in this case, fairly supported by the evidence. *Chicago, etc., R. Co.* v. *Schenkel* (1914), 57 Ind. App. 175, 188, 104 N. E. 50. Moreover, the witness, both immediately before and after the in-

5. terview, at least, represented each of the parties whose interests here conflict. Under such circumstances it was peculiarly within the province of the trial court, in passing on the admissibility of evidence, to determine what weight should be given to preliminary statements of the witness. Our statute (§520

Burns 1914, §497 R. S. 1881) provides that phy-
6. sicians shall not be competent witnesses "as to
    matter communicated to them, as such, by pa-
·tients, in the course of their professional business, or
advice given in such cases." This enactment has con-
sistently been construed by this court as covering a
broader field than is indicated by the literal meaning of
the words employed, and, so construed, it renders the
physician incompetent to disclose information acquired
by him while attending a patient in a professional ca-
pacity. This includes all that he sees or observes, while
       so acting, as to matters communicated by the pa-
7. tient. *Towles* v. *McCurdy* (1904), 163 Ind. 12,
    14, 71 N. E. 129. The rule, which is a beneficent
one, is not to be lightly broken down (*Nordyke & Mar-
mon Co.* v. *Whitehead* [1914], 183 Ind. 7, 14, 106 N.
E. 867), and we hold that the offered evidence was prop-
erly excluded.

At the time of the collision, the conductor and rear
brakeman of the freight train on which appellee was
       employed were in the caboose. At the trial ap-
8. pellant sought to show by each of them as wit-
    nesses certain statements which they had made
to each other immediately following the collision and
concerning a switch which, it developed, had been left
open and caused the wreck. The admissibility of most
of these declarations was at least doubtful under the
rule against hearsay evidence and, at best, they could
be received only as part of the *res gestae*. Whether
they might be so considered was peculiarly for the trial
court to determine under all the circumstances in issue
and the record fully sustains its decision. *Ohio, etc.,
R. Co.* v. *Stein* (1892), 133 Ind. 243, 31 N. E. 180,
32 N. E. 831, 19 L. R. A. 733; *Pittsburgh, etc., R. Co.*
v. *Haislup* (1906), 39 Ind. App. 394, 397, 79 N. E. 1035,
and authorities cited.

Cincinnati, etc., R. Co. v. Gross—186 Ind. 471.

During his opening argument for appellee Mr. Campbell, in referring to the interview at the hospital, called attention to the fact that Messrs. White and Vorhees were present as representatives of appellant and wrote down what was said. This was followed by the statement, "Why didn't the defendant have Mr. Vorhees and Mr. White here to testify?" Appellant objected to the statement and moved to discharge the jury. This motion was overruled but the court admonished Mr. Campbell to confine his argument to the evidence given and directed the jury to disregard the statement. White and Vorhees were competent witnesses as to any statements made by appellee to them (*Indiana Union Traction Co.* v. *Thomas* [1909], 44 Ind. App. 468, 475, 88 N. E. 356), and, as agents of appellant, they were in possession of all the facts sought to be elicited from the excluded testimony of Dr. Ossenbach. Comment on the failure to call them as witnesses at the trial was, therefore, within the scope of legitimate argument and the ruling of the court on appellant's objection was more favorable than it had a right to expect.

Other matters suggested have received careful consideration, but they present no reversible error and are not of sufficient importance to warrant an extension of this opinion with their treatment in detail. Judgment affirmed.

Lairy, J., dissents.

NOTE.—Reported in 114 N. E. 962. Witnesses: (a) duty and power of trial court in respect to privileged communications, 66 Am. St. 242; (b) how near the main transaction must declarations be made in order to constitute part of the *res gestae,* 19 L. R. A. 733; (c) whether privilege as to communication to, or information acquired by, physician extends to physician not employed by patient, 16 L. R. A. (N. S.) 886, L. R. A. 1915 F 888. Complaint, sufficiency, raising question first time on appeal, 3 Ann. Cas. 545; 2 Cyc 691; 3 C. J. 786. See under (4) 40 Cyc 2396; (6) 40 Cyc 2388; (8) 38 Cyc 1513.