## PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* RITCHEY.

[No. 23,263. Filed April 25, 1918. Rehearing denied March 13, 1919.]

1. INSURANCE.—*Life Insurance. — Beneficiaries. — Rights under "Facility Payment" Clause.—Action.*—Where death benefits of a life insurance policy were payable to the personal representative of the insured, unless settlement should be made under a "facility payment" clause empowering the company to pay such benefits to any relative by blood or marriage, or to any person appearing to the company to be equitably entitled thereto by reason of having incurred expense, etc., an action cannot be maintained to enforce payment by one with whom the company might have settled, at its option, under such facility clause, where such person is neither named as a beneficiary nor otherwise designated as the person entitled to recover. p. 159.

2. INSURANCE.—*Life Insurance.—"Facility Payment Clause."— Rights of One Paying Premiums.*—Payment of premiums on the life insurance policy of another gives the person so paying them no rights to enforce, under a "facility payment" clause in the policy, the payment of death benefits, since the payment of the premiums, in legal contemplation, was made by the insured. p. 160.

3. INSURANCE. — *Parol Assignment of Policy. — Validity.* — The parol assignment of an insurance policy is valid, unless forbidden by provision in the policy. p. 160.

4. PLEADING. — *Complaint.—Sufficiency.—Overcoming Defects.*— Where a complaint states a cause of action and also facts disclosing a defense thereto, the pleading is fatally defective unless it states facts sufficient to overcome the defenses disclosed. p. 161.

5. INSURANCE. — *Action on Policy by Assignee. — Complaint. — Sufficiency.* — In an action on a life insurance policy by an assignee, who has paid premiums, which policy gave the insurer the right to treat it as void on its assignment, a complaint alleging the assignment and making the policy an exhibit does not state a cause of action in the absence of allegations

showing that the insurer has waived, or is estopped from asserting, such right. p. 161.

6.   APPEAL.—*Instruction.—Defective Complaint.—Failure to Demur.—Effect.—Verdict.—Statute.*—Since a verdict must be supported by all the facts essential under the law to sustain it, it is reversible error to instruct the jury that proof of the allegations of a complaint entitles the plaintiff to a verdict, where there is an omission to allege, directly or indirectly, a fact essential to the plaintiff's cause of action; and §344, cl. 6, Burns 1914, Acts 1911 p. 415, requiring memoranda to be filed with demurrers and providing that defects not specified therein shall be deemed as waived, etc., was not intended to change this rule so as to permit a recovery without proof of facts essential to the cause of action, though such facts are not pleaded. (*Dunham* v. *Jones* [1915], 184 Ind. 46; *Cincinnati, etc., R. Co.* v. *Gross* [1917], 186 Ind. 471, overruled.)   pp. 162, 164.

From Clarke Circuit Court; *James W. Fortune,* Judge.

Action by Mary Ritchey against the Prudential Insurance Company of America. From a judgment for the plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Whitcomb, Dowden & Stout, H. W. Phipps* and *E. C. Hughes,* for appellant.

*L. A. Douglass* and *Elmer Wetzel,* for appellee.

LAIRY, J.—Appellee recovered a judgment on a policy of insurance issued by appellant on the life of Robert B. Strepey. Under the conditions of the policy the benefits provided by the schedule were payable to the executors or administrators of the insured unless settlement should be made under article 2 of the conditions, which provides for facility payment. This article reads as follows:

"The company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably

entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or, if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Appellee did not bring the action as executor or administrator, but sues in her own right. The complaint alleges that appellee was related to the insured

1. by blood, being a cousin, and that he was at the time of his death a member of her family, and that for sometime before the death of assured she by his direction paid the premiums on the policy. The complaint also alleges that, on January 13, 1913, the insured sold, transferred and assigned said policy and the claim arising thereunder to appellee for value received, and to be received, and that both she and the assured notified the insurance company that the policy had been assigned to her. It is difficult from the complaint to discover whether she bases her right to recover on the assignment of the policy and the benefits provided for therein, or whether she claims a right to recover under section 2 of the conditions providing for facility payment hereinbefore set out. The "facility payment" clause gives to the company an option to make payment to any one having the qualifications named in the clause for the purpose of facilitating payment, but it does not entitle one to whom such payment might have been made at the option of the company to enforce payment of the sum due under the policy, where such person is not named as a beneficiary or otherwise designated as the person entitled to recover payment. *Lewis* v. *Metro-*

*politan Life Ins. Co.* (1901), 178 Mass. 52, 59 N. E. 439, 86 Am. St. 463; *Prudential Ins. Co. v. Young* (1895), 14 Ind. App. 560, 43 N. E. 253, 56 Am. St. 319; *Prudential Ins. Co.* v. *Godfrey* (1909), 75 N. J. Eq. 484, 72 Atl. 456.

The fact, as alleged in the complaint, that appellee paid the premiums due on the policy for sometime before the death of the insured confers on her no

2. right to enforce payment under the clause in question. The authorities cited sustain this proposition, holding that the payments of premiums on the policy are, in legal contemplation, made by the insured.

It is apparent from what has been said that appellee had no right as a blood relative of the insured to enforce payment to her, although the company

3. might have exercised its option by paying her under the facility payment clause. If appellee possessed any right to enforce payment under the policy, it was because of the assignment to her as shown by the allegations of the complaint. The complaint alleges facts sufficient to show a parol assignment to her, accompanied by a delivery of the policy. Such assignments have been held valid unless forbidden by some provisions of the policy. *State, ex rel.* v. *Tomlinson* (1896), 16 Ind. App. 662, 675, 45 N. E. 1116, 59 Am. St. 335; *Stewart* v. *Gwynn* (1907), 41 Ind. App. 320, 324, 82 N. E. 1000, 83 N. E. 753. The complaint in this case sets out the policy as an exhibit wherein it is stipulated that the policy shall be void if it be assigned or otherwise parted with. It thus appears affirmatively from the allegations of the complaint that the assignment alleged and relied on was in direct violation of a condition of the policy providing that any assignment of the policy should render it void.

When a complaint states a cause of action, and also

states facts which show a defense to the cause of action so stated, the complaint is fatally defective unless

4. it states facts sufficient to meet and to overcome the defenses so disclosed. Under the provisions of the policy referred to, the company had a right

5. to treat the policy as void, and to refuse payment on that ground unless facts existed which estop it from asserting that right or which amounted to a waiver of such right by the company. The complaint does not state facts sufficient to show that appellant waived such right, or that it was estopped by its conduct from asserting it. If such facts existed, it was necessary for appellee to plead them, for, in the absence of such facts, the complaint shows no right in appellee to recover under the alleged assignment. This being true, the complaint does not state facts sufficient to constitute a cause of action; and, if the defects had been properly pointed out by the memorandum filed with the demurrer, it would have been error to overrule the demurrer. The memorandum filed in support of the demurrer was based upon the single ground that the complaint failed to show any assignment or transfer of the policy to Mary Ritchey. As before stated, the complaint does allege facts sufficient to show a transfer or assignment of the policy; therefore, the court did not err in overruling the demurrer filed, as the complaint was not open to the objection pointed out. §344, cl. 6, Burns 1914, Acts 1911 p. 415. Under the provisions of the section cited, the party demurring shall be deemed to have waived his right thereafter to question the pleading for any defect not specified in such memorandum. Under this statute, it has been held that the sufficiency of the complaint cannot be questioned by an original assignment of error. *Hedekin Land, etc., Co.* v. *Campbell* (1915), 184 Ind. 643, 112 N. E. 97; *Pittsburgh, etc., R. Co.* v. *Farmers'*

*Trust, etc., Co.* (1915), 183 Ind. 287, 108 N. E. 108. Notwithstanding the statute precludes the appellant from questioning the sufficiency of the complaint at any later stage of the proceeding, it is still true that the complaint does not state facts sufficient to entitle plaintiff to recover under the law. If, on the trial, she had proved every fact alleged in her complaint and nothing more, she would not have been entitled to recover under the law, even though nothing had been shown as a defense.

The second instruction given by the court is as follows: "If you believe that the material allegations and statements of the complaint have been proved by a fair preponderance of the evidence, then you should find a verdict for the plaintiff for the full amount of said policy." As before stated, the complaint sets out the policy as an exhibit which contains a provision to the effect that the policy shall be void if it is assigned or parted with in any manner, and also alleges that appellee acquired the rights which she is seeking to enforce under an assignment of the policy. By the instruction given the jury was directed to return a verdict for plaintiff if it found these facts to be established by a preponderance of the evidence, without finding any fact showing that the right of the company to treat the policy as void by reason of such assignment had been waived, or that it was by its conduct estopped from asserting such right. The company was not liable to appellee on the policy, unless it had waived the right to treat it as void, or had estopped itself by its conduct from asserting such right.

By failing to point out this defect in the complaint by its demurrer, appellant waived the right to question the sufficiency of the pleading at any later stage of the proceeding by a motion in arrest of judgment or by an independent assignment of error, but it still had the right to insist that every material

fact legally essential to a recovery against it should be established by a preponderance of the evidence. The purpose of the statute cited was to prevent the reversal of cases on account of defects in pleadings not pointed out by memoranda filed with demurrers. It was intended to reinforce other statutes providing that, after verdict, pleadings should be deemed amended as to such defects so as to conform to the evidence; but it was not the purpose to dispense with the proof of facts essential under the law to constitute a cause of action or a cause of defense. The failure of defendant to point out a defect in a complaint does not preclude him from raising objections in any proper way as to the sufficiency of the evidence to sustain every material fact essential to a recovery whether such fact is pleaded or not. If there is a total want of evidence as to an essential fact, he may successfully raise the question by a motion for a new trial on that ground. Where there is a conflict in the evidence as to an essential fact, he has a right to have the question submitted to the jury for determination according to the preponderance of the evidence, whether such essential fact is pleaded or not. It is error to instruct a jury that proof of the allegations of a complaint entitles the plaintiff to a verdict where the complaint omits to allege either directly or inferentially a material fact which under the law is essential to entitle the plaintiff to a verdict. A verdict must be supported by all of the facts essential under the law to sustain it, and the statute requiring memoranda to be filed with demurrers was not intended to change this rule so as to permit a recovery without proof of essential facts, where such facts are not alleged in a complaint. Under the old rule a plaintiff must recover *secundum allegata et probata*, he could not recover according to facts alleged and not proved, nor according to the facts which he proved and did not allege, but according to the facts

alleged and proved.   Under the former holdings of this
court a complaint which was defective, because of the
omission to allege a material fact essential under the
law to a recovery, could not be cured by the evidence or
by a special finding of the court or by a special verdict
of a jury.   *Western Assurance Co.* v. *Koontz* (1896),
17 Ind. App. 54, 46 N. E. 95; *Pittsburgh, etc., R. Co.* v.
*Moore* (1898), 152 Ind. 345, 53 N. E. 290, 44 L. R. A.
638; *Cleveland, etc., R. Co.* v. *Parker* (1899), 154 Ind.
153, 56 N. E. 86; *Lake Erie, etc., R. Co.* v. *Hoff* (1900),
25 Ind. App. 239, 56 N. E. 925.   The more recent deci-
sions hold that where the record shows that evidence has
been introduced as to an essential fact not pleaded, and
such fact has been determined under the evidence, the
judgment rendered will not be reversed on account of
such defect in the pleading.   In conformity to our stat-
utes on the subject the pleading is deemed to be amended
in such a case so as to conform to the proof.   §700
Burns 1914, §658 R. S. 1881; *Noble* v. *Davison* (1912),
177 Ind. 19, 96 N. E. 325; *Union Frat. League* v.
*Sweeney* (1915), 184 Ind. 378, 382, 111 N. E. 305.
These statutes and decisions modify the old rule so as to
permit a judgment to be upheld on appeal on the
strength of facts proved which were not alleged.   A
recovery cannot be had when the evidence does not
sustain an essential fact alleged, and it would be pre-
posterous to hold that a verdict in favor of plaintiff could
be authorized where a fact necessary under the law to
sustain it was neither alleged in the complaint nor
proved by the evidence.

In the case of *Dunham* v. *Jones* (1915), 184 Ind. 46,
110 N. E. 203, this court said:   "It is contended that
the court erred in the second instruction given
because it authorized a verdict on the second
paragraph of complaint, which, it is claimed,
does not state a cause of action.   Appellants waived a

consideration of the sufficiency of the paragraph by failing to demur." This case was reversed on other grounds and it is apparent that the question now before the court was not fully presented in that case, or that it was not given the careful consideration that its importance merited. The instruction passed on in that case is not set out in the opinion, and it is possible that it did not present the same question considered in this case. The later case of *Cincinnati, etc., R. Co.* v. *Gross* (1917), 186 Ind. 471, 114 N. E. 962, was decided on the authority of *Dunham* v. *Jones, supra.* After a more mature consideration, the court is of the opinion that the rule announced in those decisions is unsound, and the same is overruled as to the point here involved.

In view of the conclusion reached it is not deemed necessary to consider other questions presented. The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial and to grant leave to appellee to amend her complaint if she so desires.

Spencer, C. J., dissents.

## DISSENTING OPINION.

SPENCER, C. J.—I am unable to concur in the conclusion of my associates that the cases of *Dunham* v. *Jones* (1915), 184 Ind. 46, 110 N. E. 203, and *Cincinnati, etc., R. Co.* v. *Gross* (1917), 186 Ind. 471, 114 N. E. 962, should be overruled in so far as they hold that an appellant who fails to demur to a complaint, and thus waives objection to the sufficiency of the facts stated therein, cannot thereafter predicate error on the giving of an instruction which authorizes a verdict on proof of the material allegations of the pleading. I agree with the premise stated in the majority opinion that the act of 1911 (Acts 1911 p. 415, §2, §344 Burns 1914), relative to the pointing out of defects by demurrer, was

intended "to reinforce other statutes providing that, after verdict, pleadings should be deemed amended as to such defects so as to conform to the evidence," and I concur in the further statement that "it was not the purpose to dispense with the proof of facts essential under the law to constitute a cause of action or a cause of defense:" If the evidence is insufficient to establish any of such facts, the question may readily be raised in a motion for a new trial, but if, on the other hand, proper proof is made, the case falls within the provisions of §700 Burns 1914, §658 R. S. 1881, and the rule announced in *Union Frat. League* v. *Sweeney* (1915), 184 Ind. 378, 382, 111 N. E. 305, and similar decisions. The holding in the present case tends materially to weaken, if it does not destroy, the force of the act of 1911 by permitting an indirect attack on a pleading where the right to a direct attack has been waived and the waiving party has elected to sit by and take his chances on a favorable verdict, and it serves also to lessen the beneficent influence of §700, *supra,* and the cases decided thereunder. This court knows judicially that the exact question now under consideration was squarely presented in the Dunham and Gross cases, and the rule therein announced served in no way to jeopardize the substantial rights of any litigant. The pressent decision, in my opinion, is out of harmony with the act of 1911 and other statutes which have been designed to prevent the reversal of the judgment of a trial court except for substantial error. I concede that instructions such as the one given in this case, and in the Dunham and Gross cases as well, are technically erroneous, but the error, in each instance, relates back to an imperfection in a pleading which has been waived through a failure to demur thereto. That waiver should continue to operate through all subsequent attacks on such pleading, whether direct or indirect, but need not affect

the right to require proof of all facts necessary under the law to establish a cause of action or a valid defense. Any such omission would render a judgment contrary to law and necessitate the granting of a new trial.

NOTE.—Reported in 119 N. E. 484. Complaint, sufficiency, raising for first time on appeal, 3 Ann. Cas. 545, 2 Cyc 691.