THOMPSON ET AL. *v.* DIVINE.
[No. 10,298. Filed March 30, 1920.]

1. APPEAL.—*Review.—Harmless Error.—Exclusion of Evidence.* —In an action on a note, where defendant admitted that he had signed his name in pencil on the back of the note, but contended that it had been retraced with ink, the exclusion of a question asked a witness, who had testified that he was acquainted with defendant's signature, and that the signature on the note resembled that of defendant, as to whether the signature on a paper shown him was defendant's, was harmless, since it was wholly unnecessary to prove defendant's signature in view of the admission made by him. p. 116.

2. ALTERATION OF INSTRUMENTS.—*Signature on Note Written With Pencil.*—*Retracing With Ink.*—*Effect.*—Where an indorser signed his name in pencil on the back of a note, it was immaterial whether his signature had been retraced with ink. p. 116.

3. BILLS AND NOTES.—*Promissory Note.*—*Action.*—*Proof Required.*—*Failure to Demur to Complaint.*—*Effect.*—*Statute.*— Under §344, cl. 5, Burns 1914, Acts 1911 p. 415, providing that the defendant may demur to the complaint when it does not state facts sufficient to constitute a cause of action, and §348 ·Burns 1914, Acts 1911 p. 415, providing that when such matter does not appear on the face of the complaint it may be taken by answer, and, if not taken by demurrer or answer, is deemed waived, the provision as to waiver applies only to the right to question the sufficiency of the pleading and does not dispense with the necessity of establishing every material fact necessary to a recovery by a preponderance of the evidence, so that the failure of an indorser of a note to demur to a complaint failing to allege presentment, demand and notice of dishonor does not, in the absence of a waiver of the same in the note, dispense with proof of such facts, such proof being essential to a recovery under §9089k3 Burns 1914, Acts 1913 p. 120. p. 116.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by Jacob M. Divine against Myra Thompson. and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*A. E. Wise, W. B. Hess* and *Charles Kellison,* for appellants.

*Harry L. Unger* and *Martindale & Martindale,* for appellee.

NICHOLS, C. J.—The complaint in this cause is in one paragraph by which the appellee, indorsee of the note sued on, seeks to recover on said note and indorsements against the appellants. The indorsements on the note show an unqualified indorsement by each indorser, that is, an indorsement by which each indorser merely wrote his name on the back of the note. The note, in the sum of $300, was executed by Myra Thompson to appellant

on March 23, 1914, who later indorsed the note to W. C. Divine, who in turn indorsed the same to the appellee. There is a demand for judgment in the sum of $600.

Divine was defaulted. Myra Thompson filed an answer in two paragraphs to which demurrer was sustained. Appellant filed several answers to which demurrers were sustained, and then went to trial on a general denial and verified amended second and fourth paragraphs of answer, to each of which a reply in general denial was filed. It is alleged in the verified second paragraph of answer, in substance, that appellant denied the execution of the unqualified indorsement appearing on the note, and alleged that he made a qualified indorsement of the note to Divine in the words, "Without recourse to me," with his name written below said words, all with pencil, and that the entire indorsement had been erased and obliterated, and his name written or traced with ink over his signature in pencil, thereby charging in effect a false and forged indorsement as to him. The verified amended fourth paragraph of answer of appellant is a general *non est factum* as to the unqualified indorsement appearing on the note. The cause was submitted to a jury for trial, and a verdict rendered in favor of appellee against appellant and said Divine and Thompson in the sum of $250.

There was a motion for a new trial by appellant which was overruled, and he now prosecutes this appeal.

The only error assigned is the overruling of the motion for a new trial. The grounds for such new trial are: That the verdict of the jury is not sustained by sufficient evidence; that it is contrary to law; that the court erred in excluding certain evidence; and that the court erred in refusing to give to the jury certain instructions requested by appellant.

At the trial of the cause a witness for appellee on direct examination testified that he was acquainted with

the signature of appellant, and that the signature on the note in controversy resembled the signature of appellant. On cross-examination appellant submitted to such witness a paper purporting to be a check signed by appellant, and asked the witness whether or not the signature on said check was the signature of appellant. Objection by the appellee to this question was sustained by the court. Appellant contends that this ruling of the court was reversible error. There is no claim that the signature to the check which was presented to the witness had been in any manner admitted to be the signature of appellant Moslander, nor was the check a paper in the case. It was not the signature concerning which the witness had testified in chief. The only purpose in presenting this signature to the witness had to be for the purpose of testing the witness's acquaintance with appellant's signature. We do not need to consider these questions, but see *McDonald* v. *McDonald* (1895), 142 Ind. 55, 43 N. E. 336. It was wholly unnecessary to prove the signature of appellant by direct examination or to attempt to disprove it by cross-examination, but such evidence was harmless for the reason that appellant had admitted in his answer and testified himself that he signed his name in pencil on the back of the note, and whether his signature had been retraced with ink or not could make no difference. Appellant's liability depended only on whether the words "Without recourse to me" were above his signature. Any error as to this ruling was harmless.

Appellant contends that the judgment must be reversed for the reason that there was no evidence of demand and notice of dishonor, such a demand and notice of dishonor not being waived in the instrument. He also contends that there should be a reversal of the judgment for the reason that the

court refused to give an instruction tendered by appellant to the effect that it must be established by the evidence that the note sued on was presented for payment to the bank where it was made payable and that notice of dishonor was given. There is no averment in the complaint of presentment at the place of payment, nor is there any averment of demand or notice of dishonor. There was no demurrer filed by appellant to the complaint. The fifth subdivision of §344 Burns 1914, Acts 1911 p. 415, provides that the defendant may demur to the complaint when it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action, and by §348 Burns 1914, Acts 1911 p. 415, it is provided that when such matter does not appear on the face of the complaint it may be taken by answer, and if no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same. But in *Prudential Ins. Co.* v. *Ritchey* (1919), 188 Ind. 157, 119 N. E. 369, 484, it is expressly held that this provision of the statute as to waiver applies only to the right to question the sufficiency of the pleading, and there is still the right to insist that every material fact necessary to recovery shall be established by a preponderance of the evidence. In the case at bar, there being no waiver in the note of demand and notice of dishonor, proof thereof must be made in order to recover from appellant as indorser, unless there was a legal excuse shown for such failure of demand and notice. Section 9080k3 Burns 1914, Acts 1913 p. 120; *De Pauw* v. *Bank of Salem* (1891), 126 Ind. 553, 25 N. E. 705, 26 N. E. 151, 10 L. R. A. 46; *LaFollette Coal, etc., Co.* v. *Whiting Foundry, etc., Co.* (1900), 25 Ind. App. 647, 57 N. E. 255; *Swift & Co.* v. *Miller* (1916), 62 Ind. App. 312, 113 N. E. 447. It follows that the instruction tendered by appellant and refused, which presented to the jury the law with reference to the neces-

sity of proof of demand and notice, should have been given.

Because of the insufficiency of the evidence above set out, and the error of the court in failing to give said instruction, the motion for a new trial should have been sustained. Other questions are presented, but they are not likely to occur in the event of another trial.

The judgment of the trial court is reversed, with instructions to grant a new trial.