MARSHALL A. MOLLOY ET AL. *v.* PRUDENTIAL
INSURANCE COMPANY OF AMERICA.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 10—decided July 1, 1942.

*Isaac J. Kunik,* for the appellants (plaintiffs).

*Lucius F. Robinson, Jr.,* with whom, on the brief, was William W. Fisher, for the appellee (defendant).

MALTBIE, C. J. The plaintiff brought an action against George E. Schaff and the writ was served upon the defendant as garnishee. Judgment was rendered for the plaintiff and he has brought this scire facias to compel the defendant to pay to him the amount of a certain claimed indebtedness on its part to Schaff. From the judgment for the defendant the plaintiff has appealed. The question presented is whether the defendant was indebted to Schaff at the time the process was served on it within our garnishment statute.

The defendant had issued to Schaff two policies of insurance upon his life, payable to his executors or administrators, which were outstanding when it was served with process. Each policy had a provision that "if this policy lapse for non-payment of premium after premiums have been duly paid for three full years" Schaff would become entitled, without any

action upon his part, to nonparticipating extended insurance for a term specified in a table included in the policy, or in lieu thereof Schaff might surrender the policy within three months after such lapse and would then be entitled, at his option, to receive either a nonparticipating paid-up life policy to a certain amount or payment in cash, in accordance with that table. The policies also contained a "facility of payment" provision that the defendant might make any payment or grant any nonforfeiture provision provided for in the policy to any relative by blood or connection by marriage of the insured or to any person appearing to it to be equitably entitled by reason of having incurred expense in behalf of Schaff for his burial or for any other purpose, and that the production by the defendant of a receipt for or other sufficient proof of such payment or grant would be conclusive evidence that the payment or provision had been made or granted to the person or persons entitled thereto, and that all claims under the policy had been fully satisfied. Except in the nonforfeiture clause, the policies made no provision for their surrender by Schaff in return for cash payments. One policy had become fully paid up and the record does not disclose whether or not the other policy had lapsed for nonpayment of premiums.

Our statute permits garnishment in a civil action "when a debt is due" the defendant. General Statutes, § 5763. In *Calechman* v. *Great Atlantic & Pacific Tea Co.*, 120 Conn. 265, 270, 180 Atl. 450, we reviewed our decisions as to the meaning of the word "due" as used in the statute and pointed out that to be "due" a debt need not be presently payable; that a debt might be "due" although it might be defeated by conditions subsequent or the precise amount to be paid remained to be determined; but that it must be

an existing obligation to pay either in the present or future, and that where the coming into existence of the debt was dependent upon the happening of some future contingency it was not due until the contingency had occurred. In that case we held that an obligation to pay rent under a lease was contingent until the possession or enjoyment of the premises had continued until the day when the rent became payable, and that before that time there was no debt by reason of the provision for rent in the lease which was subject to garnishment.

Any payment of the surrender value under either policy was contingent, in the first place on the policy having lapsed for nonpayment of premiums and in the second place, if it had lapsed, on Schaff exercising his option to surrender the policy and receive its cash value rather than to accept a nonparticipating paid-up policy. Neither of these conditions could happen as to the paid-up policy; Schaff had, under its terms, no right to demand payment of anything from the defendant, but it could continue the policy until his death, and only at that time would it become liable to make any payment. As regards the other policy, the defendant, even in the case of a lapse, was under no obligation to pay Schaff its surrender value until he had chosen that option; its only obligation, in the absence of such choice, was to issue to him a nonparticipating extended insurance policy for a certain term. When the process was served on the defendant, there was no existing obligation on its part to pay him anything, and there was no debt "due" within the garnishment statute.

While the right of the plaintiff to recover against the defendant in this case must be determined under our garnishment statute and the authoritative interpretation which has been placed upon it, the conclu-

sion to which we have come finds support in decisions in other jurisdictions where similar questions to that now before us have been presented. *Isaac Van Dyke Co.* v. *Moll,* 241 Mich. 255, 217 N. W. 29; *Boisseau* v. *Bass,* 100 Va. 207, 214, 40 S. E. 647; *Farmers & Merchants Bank* v. *National Life Ins. Co.,* 161 Ga. 793, 797, 131 S. E. 902; *Columbia Bank* v. *Equitable Life Assur. Soc.,* 79 App. Div. 601, 609, 80 N. Y. S. 428; *Drysch* v. *Prudential Ins. Co.,* 287 Ill. App. 68, 4 N. E. (2d) 530; *United States* v. *Metropolitan Life Ins. Co.,* 41 Fed Sup. 91, 93; 8 Couch, Cyclopedia of Insurance Law, § 1931. Cases such as *Barbour* v. *Connecticut Mutual Life Ins. Co.,* 61 Conn. 240, 23 Atl. 154, where it was held that on insolvency insurance policies on the life of the insolvent and payable to his estate may be made available to creditors, are not in point, because the value which might be realized upon them would be by way of an assignment by the insolvent which, if they had value, it was his duty under the insolvency law to make for the benefit of his creditors; and such a disposition of the policy would not impose any obligations upon the insurer to make payments other than as provided in the policy or make due a debt under its provisions where none existed. Nor are decisions concerning the property value of life insurance policies payable to the insured's estate which may be made available to creditors in bankruptcy in point, because that matter is controlled by specific provisions of the bankruptcy law. Nor is the plaintiff here, by means of a suit in equity in the nature of a creditor's bill, seeking to make available the value of the policies, as may be done in some states.

The "facility of payment" provision in the policies was inserted for the benefit of the insurance company and for its protection in the event that it saw fit to make payment of any sums due under the policy to

others than the executors or administrators of Schaff. No person within the scope of its provisions had any right to compel the company to act under it. It created no debt to the insured which did not exist under other provisions of the policies. *Marzulli* v. *Metropolitan Ins. Co.,* 79 N. J. L. 271, 75 Atl. 473; *Lewis* v. *Metropolitan Life Ins. Co.,* 178 Mass. 52, 59 N. E. 439; *Williard* v. *Prudential Ins. Co. of America,* 276 Pa. 427, 429, 120 Atl. 461; *Prudential Ins. Co.* v. *Ritchey,* 188 Ind. 157, 159, 119 N. E. 369; *Nolan* v. *Prudential Ins. Co.,* 139 App. Div. 166, 123 N. Y. S. 688; 2 Couch, op. cit., § 311a.

There is no error.

In this opinion the other judges concurred.