GLEN BROWN *v.* JOSEPH NASIN

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE NO. 67985

Memorandum filed February 11, 1958

*Harvey A. Katz,* of Glastonbury, for the plaintiff.

*Ribicoff & Kotkin,* of Hartford, for the defendant.

LONGO, J. This is an action of scire facias based on a judgment obtained by Glen Brown against Moran

Construction Company, in which the defendant Nasin was garnished. At the time of service of the writ, and at the time that the execution on the judgment was placed with the constable for service and demand made upon him, the defendant made no disclosure.

The defendant Nasin was the prime contractor for the construction of a school, for which he furnished a payment bond. The amended complaint alleges that Moran, doing business as Moran Construction Company, furnished services and materials to Constructor's Inc., a subcontractor on the school construction job, for which Moran has not been paid and for which reasons he claims a right of action against the defendant, the general contractor, on his payment bond, under § 7215 of the General Statutes.

The defendant has demurred to the amended complaint "because it fails to set forth a cause of action in that the 'debt' alleged in Paragraph 7 of the Amended Complaint is not a 'debt' 'then due' within the meaning of the General Statutes (1949 Rev.) governing process of foreign attachment and scire facias." The demurrer places in issue the question whether there was a "debt due" the subcontractor Moran from Nasin at the time of service of the writ.

The defenses to a scire facias are limited and if the court pronouncing the original judgment had jurisdiction, no defense can be made that might have been made in the original action. The only question to be determined in a proceeding by scire facias to revive a judgment is whether the plaintiff has a right, as against the defendant, to have the judgment executed. 47 Am. Jur. 470, § 11.

The rule has been firmly established that for purposes of foreign attachment, a debt is "due" when it is owed, though not yet payable because not yet liquidated in amount. *Parker, Peebles & Knox* v.

*El Saieh,* 107 Conn. 545, 554; *Finch* v. *Great American Ins. Co.,* 101 Conn. 332, 335. It is also well established that a debt is due where there is an existing obligation to pay, either at the present time or in the future and though the amount has not been definitely ascertained. *Molloy* v. *Prudential Ins. Co.,* 129 Conn. 251, 253. The plaintiff in his brief concedes that the claim of Moran against Nasin for labor and materials may not be strictly "payable" at the present time, and it may not be liquidated (at the present time), but claims that it is "owing" and therefore unpaid.

Section 7215 of the General Statutes provides: "Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 7214 and who has not been paid in full therefor before the expiration of a period of sixty days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute such action to final execution and judgment for the sum or sums justly due him. . . ."

It is clear § 7215 does not create a debt from Nasin, the contractor, to Moran, the subcontractor for supplying labor and materials, but the statute specifically provides for a right of action, giving Moran the right to sue on Nasin's bond. Until Moran exercises this right to bring suit, there is no debt due from the defendant subject to disclosure.

The demurrer is sustained for the reason stated therein.