[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff is a professional corporation which instituted this declaratory judgment action against defendants Brainerd Cashman Insurance Agency, Inc. and Kwik Care d/b/a VIP Health Care (defendant) requesting a declaratory judgment that garnishments served on it by the defendants were ineffective and invalid. The action has been withdrawn as to Brainerd Cashman Insurance Agency, Inc. The plaintiff has moved for summary judgment on its request for declaratory judgment as to the garnishment served on it by the defendant.
The facts are not in dispute. On October 27, 1989, a Settlement Agreement Containing Consent Order entered into between Al-Charles, Inc. and the Department of Income Maintenance was approved by the Commissioner of the Department of Income Maintenance. The agreement provided in pertinent part:
 c. The department, after compliance with all other conditions of this agreement, will issue Medicaid reimbursement checks as follows:
 (i) $150,000.00 made payable to Al-Charles, Inc. and Reid Riege, P.C., attorney for Albert D. Lizzi, to be endorsed and turned over to Mr. Lizzi between those two;
On November 30, 1989, the defendant served an "Order Granting Prejudgment Remedy Ex Parte" purporting to garnish to the value of $35,000.00 the property of Al-Charles, Inc. held by the plaintiff in the form of a settlement check payable to Al-Charles, Inc. and the plaintiff. On December 7, 1989, the plaintiff as attorney for Albert D. Lizzi, received a $50,000.00 settlement check payable to Al-Charles, Inc. and the plaintiff. The plaintiff paid the proceeds of the check to Albert Lizzi.
The plaintiff seeks a declaratory judgment that the defendant's garnishment was ineffective and invalid as to the settlement check and that the plaintiff cannot be held liable under the garnishment for paying the proceeds of the settlement check to Albert Lizzi. The plaintiff claims that it is entitled to judgment as a matter of law because: (1) on the date the garnishment was served on the plaintiff, November 30, 1989, the plaintiff was not in possession of the settlement check and, therefore, it did not constitute a debt due at the time of the service of the garnishment and (2) Al-Charles, Inc. had no interest in the settlement check.
The defendant claims that under the terms of the settlement agreement, as of October 27, 1989, the plaintiff, as joint payee of the check which was to be payable to Al-Charles, Inc. and the plaintiff, was indebted to Al-Charles, Inc., and that the indebtedness was subject CT Page 3747 to garnishment.
Because the relevant dates are not disputed by the parties, that is, the date of service of the garnishment and the date of receipt of the settlement check, the sole question before the court regarding the effectiveness of the garnishment is whether, as a matter of law, the plaintiff was indebted to Al-Charles, Inc. on November 30, 1989, by virtue of the fact that the settlement check would issue from the Department of Income Maintenance to Al-Charles, Inc. and the plaintiff.
Connecticut General Statutes Sections 52-329, which authorizes garnishment, provides in pertinent part:
 When the effects of the defendant in any proposed or pending civil action in which a judgment or decree for the payment of money may be rendered are concealed in the hands of his agent or trustee so that they cannot be found or attached, or when a debt. . . is due from any person to such defendant . . . the plaintiff may insert in his writ . . . a direction to the officer to leave a true and attested copy thereof and of the accompanying complaint. . . shall be secured in the hands of such garnishee to pay such judgment as the plaintiff may recover.
"A writ of garnishment subjects to the claims of a creditor only a debt which, at the time of the garnishment, was due to the underlying debtor." Hospital of St. Raphael v. New Haven Savings Bank, 205 Conn. 604,608 (1987). In Wilber v. New Haven Water Co., 37 Conn. Sup. 877,879-80 (App. Sess. 1982), the court examined the meaning of debt due for purposes of garnishment of garnishment and stated:
 A future liability is not attachable, for the conclusive reason, that it is not a debt due." . . . Funds subject to foreign attachment include all debts due from the garnishee to the defendant debtor at the time of garnishment. General Statutes Sec. 52-329, . . . Accordingly, funds then due and owing to a debtor at the date of garnishment, but payable in the future, are liened by a garnishment CT Page 3748 where the obligation to pay is (1) definite and absolute, and (2) not contingent on a future event . . . Conversely, where an obligation to pay depends upon a condition precedent, a debt is not due and, therefore, not subject to garnishment.
See also Molloy v. Prudential Ins. Co. of America, 129 Conn. 251,253-54 (1942).
The settlement agreement in the present case, in and of itself, did not create a debt due from the plaintiff to Al-Charles, Inc. Pursuant to the reasoning of Wilbur v. New Haven Water Co., supra, delivery of the check by the Department of Income Maintenance to the plaintiff in compliance with the settlement agreement was a condition precedent to the check becoming a debt due from the plaintiff to Al-Charles, Inc. Because it is undisputed that the plaintiff had not received the check and, therefore, was not in possession of the check on November 30, 1989, the condition precedent had not been satisfied on the day of the attempted garnishment. Therefore, there was no "debt due" from plaintiff to Al-Charles, Inc. under Section 52-329 on November 30, 1989, the day of the attempted garnishment.
For the reasons stated above, the plaintiff's motion for summary judgment is granted.
HENDEL, J.